## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT NEIL CORONADO,

    Plaintiff,

v.                                                                     No. CV 18-205 RB/CG

FNU PARALTA, et al.,

    Defendants.

## ORDER ON PENDING MOTIONS

**THIS MATTER** is before the Court on Plaintiff's *Motion for Leave to Amend Petition*, (Doc. 6), filed March 8, 2018; Plaintiff's *Motion to Appoint Counsel*, (Doc 7), filed March 9, 2018; and Plaintiff's letter requesting leave to amend, (Doc. 10), filed May 11, 2018. Having considered the motions, relevant law, and the record of this case, the Court will **GRANT** Plaintiff's *Motion for Leave to Amend Petition*, (Doc. 6), **DENY** Plaintiff's *Motion to Appoint Counsel*, (Doc 7), and **DENY WITHOUT PREJUDICE** Plaintiff's letter requesting leave to amend, (Doc. 10).

Plaintiff Robert Neil Coronado filed a Petition for Writ of Mandamus seeking relief from this Court on claims relating to his medical care at the correctional facility where he is incarcerated. (Doc. 1). Plaintiff is proceeding pro se and in forma pauperis. In his *Motion for Leave to Amend Petition*, (Doc. 6), Plaintiff seeks to add additional claims for injunctive relief, declaratory relief, and damages. Under Fed. R. Civ. P. 15(a)(1), a party may amend a pleading once as a matter of course within 21 days after serving it. Plaintiff filed his *Motion for Leave to Amend Petition* within 21 days after his Petition was filed, so he may amend as a matter of course under Rule 15(a)(1). The Court will grant the *Motion for Leave to Amend Petition*, (Doc. 6), and deem the operative Petition in this

case to consist of the original Petition (Doc. 1) and the requested amendment (Doc. 6). *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). (Court should liberally construe the factual allegations in a pro se party's pleadings).

In his *Motion to Appoint Counsel*, (Doc. 7), Plaintiff seeks appointment of an attorney to represent him on the grounds that he has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. There is no right to appointment of counsel in a civil case, and the granting of leave to proceed under § 1915 does not afford a right to appointment of counsel. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.2004). The Court has reviewed the Petition and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the *Motion to Appoint Counsel*, (Doc. 7).

In his letter requesting leave to amend, Plaintiff asks for leave to amend his Petition a second time. (Doc. 10 at 2). He appears to seek review by this Court of a decision made by a California claims management service in connection with a California worker's compensation proceeding. (Doc. 10 at 1-2). It is questionable whether this Court would have jurisdiction to consider Plaintiff's proposed amended

claim. However, the Court will not reach that issue at this time. Plaintiff has already been granted leave to amend his Petition once as a matter of course, and the Court will deny him leave to amend a second time until the Court has completed preliminary screening of the Petition under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The denial of the letter request is without prejudice to a renewed motion for leave to amend by Plaintiff after the Court makes its preliminary screening determination.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's *Motion for Leave to Amend Petition*, (Doc. 6), is **GRANTED** and the operative Petition this case is deemed to consist of Docs. 1 and 6;

(2) Plaintiff's *Motion to Appoint Counsel*, (Doc. 7), is **DENIED**; and

(3) Plaintiff's letter requesting leave to amend, (Doc. 10), is **DENIED WITHOUT PREJUDICE** to a renewed request after the Court completes preliminary screening of this case under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE