**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROBERT NEIL CORONADO,

      Plaintiff,

vs.                                                                                         No. CV 18-00205 RB/CG

MRS. PERALTA, MEDICAL PROVIDER, NURSE;
MR. YOUNG, MEDICAL ADMINISTRATOR; MR.
JIM BREWSTER, COUNSEL FOR DEPARTMENT
OF CORRECTIONS; MR. JERRY ROARK,
DIRECTOR OF PRISONS; SEDGEWICK CLAIMS,
WORKERS COMPENSATION OF CALIFORNIA,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Federal Rule of Civil Procedure 12(b)(6) on the Amended Complaint for Violation of Civil Rights filed by Plaintiff, Robert Neil Coronado. (Doc. 8.) The Amended Complaint fails to state a claim on which relief can be granted. The Court will dismiss the Amended Complaint without prejudice and grant leave to file an amended complaint within 30 days.

**I.     Factual and Procedural Background**

Mr. Coronado commenced this proceeding by filing a Petition for Writ of Mandamus. (Doc. 1.) In his Petition, Mr. Coronado sought a writ from this Court mandating that the New Mexico Department of Corrections provide him shoulder replacement surgery. (*Id.*) He later sought leave to amend his original filing (Doc. 6.) The Court granted him leave to amend and ordered that his original Petition (Doc. 1) and the proposed amended Complaint (Doc. 6) would be treated as the operative complaint in this case. Mr. Coronado then filed a second Amended Complaint. (Doc. 8.) The Amended Complaint supersedes the original Petition (Doc. 1) and

1

amended complaint (Doc. 6), and the Court will deem the Amended Complaint (Doc. 8) to be the operative complaint in this case. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc*., 793 F.3d 1177, 1180–81 (10th Cir. 2015).

Coronado filed his Amended Complaint for Violation of Civil Rights on March 16, 2018. (Doc. 8.) The Amended Complaint names as Defendants: Mrs. Peralta, Medical Provider Nurse; Mr. Young, Medical Administrator; Mr. Jim Brewster, Counsel for Department of Corrections; and Mr. Jerry Roark, Director of Prisons. (*Id.* at 1.) Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. (*Id.* at 3.)

The Amended Complaint alleges that in 1998 Plaintiff fell after being pushed downstairs by an angry parent. (Doc. 8 at 4). Plaintiff's fall resulted in an award for future medical care for a right shoulder injury. (*Id.*) Prior to his incarceration, he was scheduled for right shoulder surgery by El Paso Orthopedics "pending trial results." (*Id.*) Following his incarceration in 2016, he made prison officials aware by providing x-rays, studies, and therapies which documented the need for surgery. (*Id.*) Coronado claims the Department of Corrections would not authorize surgery.

In early 2017, prison nurse Mrs. Peralta completed all of the orders of UNMC surgeon Dr. Washer for the shoulder surgery except for obtaining a neurological consultation. Nurse Peralta advised Mr. Coronado that he could not be scheduled for a neurological consultation for eight months because UNMC was "booked up." (*Id.* at 6.) In March of 2017, Mr. Coronado saw Dr. Washer, who advised Coronado that he was scheduling the surgery for March 2018. (*Id.*)

In February 2018, Coronado claims that he fell, aggravating his right-shoulder injury. (*Id.* at 7.) Nurse Peralta questioned his claim of falling and told him he "better not be lying." (*Id.*) Mr. Coronado claims that as of March 11, 2018, he has not been seen for the fall, and he was told by "physical therapy" that this was because it was a "worker's compensation injury." (Doc. 8 at 5).

In his prayer for relief, Mr. Coronado asked for injunctive relief so that the surgery would not be delayed, that he not be transferred to segregation or another facility in retaliation for exercising his constitutional rights, for appointment of counsel, for an evidentiary hearing, and for nominal, compensatory, and punitive damages. (*Id.* at 7–8.)

The surgery was performed on April 6, 2018. (Doc. 10 at 1.) Mr. Coronado then sought leave to amend his claims again, alleging that he had been advised that Workers' Compensation of California would not approve services to rehabilitate the operative surgery. (*See id.*) Mr. Coronado asked that the Court direct either the Department of Corrections or Workers' Compensation of California to provide post-surgical care to restore the function in his right arm. (*Id.* at 2.) He further alleged that Sedgewick's denial of post-surgical care goes against standards and practices. (*Id.*) In a subsequent letter to the Court, Mr. Coronado stated that Workers' Compensation of California is responsible for his medical care. He refers to his claims as a "tort complaint." (Doc. 13.) A second letter contends that the 2012–2018 delay by the Department of Corrections has resulted in a poor outcome and he wants damages to hold the Department of Corrections responsible for his damages. (Doc. 24.)

## II.     Dismissals for Failure to State a Claim

Mr. Coronado is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*,

550 U.S. at 555; *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

### III.   Analysis

Mr. Coronado has repeatedly amended his claims in this case and supplemented his allegations with letters and notices. It is no longer clear who he is suing, what he alleges occurred that violated his constitutional rights, and what relief he is seeking from the Court. The Court is not required to sort through voluminous, vague allegations to try to identify a plaintiff's cause of action. *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996). The rules are designed to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kan. City, Inc., v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). Imprecise pleadings undermine the utility of the complaint and violate the purpose of Rule 8. *See Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies." *Mann*, 477 F.3d at 1148.

Moreover, a plaintiff may not seek to amend a complaint in a manner that turns the complaint into a "moving target." It is unreasonable to expect the Court or the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants. There comes a point when even a *pro se* plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Mr. Coronado's rambling, voluminous filings do not comply with the requirements of the Federal Rules of Civil Procedure. The Court will dismiss the Amended Complaint for failure to state a claim for § 1983 relief, but will grant Mr. Coronado leave to file a final amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and this Memorandum Opinion and Order. *Mann*, 477 F.3d at 1148; *Minter*, 451 F.3d at 1206.

Mr. Coronado's claims are brought under 42 U.S.C. § 1983. The exclusive remedy for vindication of constitutional violations is under § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim for relief under § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Mr. Coronado must allege

some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

Mr. Coronado appears to possibly allege claims under § 1983 that his Eighth Amendment rights have been violated by alleged indifference to serious medical needs. (Doc. 8.[1]) The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury may state a cause of action under § 1983. *Estelle,* 429 U.S. at 104–05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective

---

[1] Mr. Coronado also makes vague references to his rights under the First, Fifth, and Fourteenth Amendments. (Doc. 8 at 3.) However, none of his references are supported by factual allegations.

component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (citations omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). For purposes of this Opinion, the Court treats the allegations as sufficient to establish the first prong that Mr. Coronado had a serious medical need. (Doc. 1 at 2–4.)

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks and citation omitted). With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Id.* at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or

inadvertent failure to provide adequate medical care or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, 429 U.S. at 105–06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g.*, *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self*, 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir. 2002). A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

  **A.** **Claims Against Nurse Peralta**

In his Amended Complaint, Mr. Coronado alleges that Nurse Peralta denied his "right to adequate medical care for joint replacement surgery by obstructing explanation of how injury has compromised safety, security, and rehabilitation." (Doc. 8 at 4.) He further alleges that Nurse Peralta failed to act to assess further damage to his right shoulder as a result of a fall on February 3, 2018. (*Id.*) He states that Nurse Peralta was transferred to another area in late 2016 or early 2017 and returned around March of 2017. (*Id.* at 5–6.) Upon her return, she completed all orders Dr. Washer had initiated, but informed Mr. Coronado that because UNM was booked, it would be eight months before he could schedule the final consultation by a neurologist. When Coronado saw Dr. Washer the following week, Dr. Washer informed him that he intended to do the surgery in March 2018 and asked for Nurse Peralta's phone number so Dr. Washer could talk to her. (*Id.* at 6.) Last, Mr. Coronado appears to allege that NursePeralta questioned his fall in February, 2018 and told him "[y]ou better not be lying and if you are I'm going to ship you out." (Doc. 1 at 6.)

The allegations of the Amended Complaint do not state an Eighth Amendment claim against Nurse Peralta. The allegations of the Amended Complaint fail to establish the second,

subjective prong of a medical indifference claim. *Farmer*, 511 U.S. at 834; *see also Self*, 439 F.3d at 1230–31. The allegations do not show that Nurse Peralta knew Coronado faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it or by choosing recklessly to disregard it. *Martinez*, 563 F.3d at 1089; *Hunt*, 199 F.3d at 1224. To the contrary, the Amended Complaint states that Mrs. Peralta completed all orders Dr. Washer had initiated for the surgery. (Doc. 8 at 6.) Her alleged actions do not demonstrate that she was deliberately indifferent to the serious medical needs of Coronado. *Howard*, 534 F.3d at 1239–40.

Further, the allegations that she questioned and did not respond adequately to Mr. Coronado's claimed February 2018 fall do not show deliberate indifference. Failure to provide adequate medical care or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment absent a culpable state of mind on the part of the Defendant. *See Estelle*, 429 U.S. at 105–06. A difference of opinion between Nurse Peralta and Mr. Coronado as to his diagnosis or treatment does not support a claim of cruel and unusual punishment. *See, e. g.*, *Smart*, 547 F.2d at 114; *Self,* 439 F.3d at 1231; *Thompson*, 289 F.3d at 1222. Coronado's allegations do not show that Nurse Peralta knew of a substantial risk to Coronado's health or safety and deliberately or recklessly chose to ignore that risk. *Martinez*, 563 F.3d at 1089. The Complaint does not state a factually plausible claim for § 1983 relief. *Twombly*, 550 U.S. at 570.

### B.  Claims Against Mr. Young, Medical Administrator

The only allegation in the Amended Complaint regarding Mr. Young is that he "acted against anticipated surgery for March 2018." (Doc. 8 at 4.. The Complaint does not contain any factual allegations as to what actions Mr. Young took or how he acted against the anticipated surgery. The Amended Complaint fails to make clear exactly what Mr. Young is alleged to have

done and is insufficient to provide fair notice as to the basis of the claim against him. *Robbins*, 519 F.3d at 1249–50.

Further, even if Mr. Coronado had provided specific allegations against Mr. Young, the facts do not show how any act or omission by Mr. Young resulted in a violation of Plaintiff's constitutional rights. *See West*, 487 U.S. at 48. To the contrary, because the shoulder surgery took place as scheduled in 2018, even if Mr. Young did act against the surgery, those actions did not result in any violation of Mr. Coronado's rights. *See Trask*, 446 F.3d at 1046. The Complaint fails to state a § 1983 claim against Mr. Young. *Ashcroft*, 556 U.S. at 676.

### C. Claims Against Jim Brewster, NMDOC Counsel

Mr. Coronado sues Jim Brewster, NMDOC counsel, in both his official and individual capacity. (Doc. 8 at 1.) At the time the Complaint was filed, Mr. Brewster was legal counsel to the New Mexico Department of Corrections, an agency of the State of New Mexico. The State is not a "person" within the meaning of § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011). The rule that state agencies cannot be sued under § 1983 also applies to claims against state officials in their official capacities. *Will*, 491 U.S. at 67, 71. To the extent Mr. Coronado sues Mr. Brewster in his official capacity, Mr. Brewster cannot be held liable under § 1983.

To the extent Mr. Coronado sues Mr. Brewster in his individual capacity, the Amended Complaint also fails to state any § 1983 claim against him. The only allegation against Mr.

Brewster is that he was made aware of Mr. Coronado's serious medical need in 2016. (Doc. 8 at 5.) The Complaint does not contain any factual allegations as to any acts or omissions by Mr. Brewster, nor does the Complaint state how any conduct by Mr. Brewster, individually, resulted in a violation of Mr. Coronado's constitutional rights. *See Fogarty*, 523 F.3d at 1162.

### D.  Claims Against Jerry Roark, Director of Prisons

Like Mr. Brewster, Mr. Roark was an official of the New Mexico Department of Corrections, an agency of the State of New Mexico. As such, any official capacity claims against Mr. Roark are claims against the State and cannot be maintained under § 1983. *Will*, 491 U.S. at 67, 71. Further, to the extent Mr. Coronado sues him in his individual capacity, the Complaint does not state a claim for individual § 1983 liability. Mr. Coronado's generalized allegation that Mr. Roark knew of his need for surgery in 2016 does not specify individualized conduct nor does it identify how any conduct by Mr. Roark resulted in a violation of Mr. Coronado's constitutional right. *See Ashcroft*, 556 U.S. at 676. Last, even assuming that Mr. Coronado alleged an Eighth Amendment violation, his allegations do not show that Mr. Roark actually knew Mr. Coronado faced a substantial risk of harm and culpably disregarded that risk. *See Hunt*, 199 F.3d at 1224. Mr. Coronado's Amended Complaint fails to state a § 1983 claim for relief against Mr. Roark. *Ashcroft*, 556 U.S. at 676.

### E.  Claims Against Department of Corrections

Mr. Coronado does not name the Department of Corrections as a Defendant. However, he repeatedly makes allegations against the Department and seeks relief against it. (*See, e.g.*, Doc. 24.) To the extent Mr. Coronado seeks to proceed against the Department of Corrections, the Court will dismiss any claims against the Department. The New Mexico Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico. As set out,

above, the State is not a "person" within the meaning of § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown*, 822 F.3d at 1161 n.9. It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will*, 491 U.S. at 67, 71; *Wood*, 414 F. App'x at 105. Therefore, the claims against the New Mexico Corrections Department will be dismissed.

### F. Claims Against Sedgewick Claims, Workers' Compensation of California

Although the record is not entirely clear, the Amended Complaint and subsequent filings appear to indicate that Mr. Coronado's original injury was the subject of a worker's compensation claim in California. Coronado alleges that a worker's compensation insurance agency in California, Sedgewick Claims, is responsible for the medical care and treatment for his shoulder. (Doc. 13.) Mr. Coronado sought to amend to assert claims against Sedgewick Claims in this case for failure to provide California worker's compensation benefits, but the Court denied his request. (Docs. 10; 16.) However, to the extent Mr. Coronado continues to complain of actions by Sedgewick Claims, this Court lacks subject matter jurisdiction over a California worker's compensation insurer's liability to a worker. *See, e.g.*, *Southerland v. Granite State Ins. Co.*, 12 F. App'x 712, 716 (10th Cir. 2001).

Moreover, Sedgewick Claims is not a "person" and cannot be held liable under § 1983. Sedgewick Claims is a private insurance agency. Although private companies that contract with prisons to perform prison functions may act under color of law, there is no allegation in this case that Sedgewick Claims has contracted with the Department of Corrections. Section 1983 protects an individual's constitutional rights from harm committed "under color of state law." *West*, 487 U.S. at 48. This generally limits the reach of § 1983 to lawsuits against state employees or officials.

Private individuals may be sued for their actions under § 1983 if "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Courts have held that acts of a private individual can be attributable to the state under one of four tests: the nexus test, the symbiotic relationship test, the joint action test, or the public function test. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

"Under the nexus test, a plaintiff must demonstrate that there is a sufficiently close nexus between the government and the challenged conduct such that the conduct may be fairly treated as that of the State itself." *Id.* at 1448 (quotation omitted). The symbiotic relationship test finds state action when "the [S]tate has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity." *Id.* at 1451. The joint action test extends § 1983 liability to a "willful participant in joint action with the State or its agents." *Id.* at 1453. Finally, under the public function test, a private individual may be deemed a state actor if the state delegates to that individual a function "traditionally exclusively reserved to the State." *Id.* at 1456.

Mr. Coronado has not alleged that Sedgewick Claims is a state actor under any of the factors set out in the nexus test. Nor does he allege that there is any contractual relationship between Sedgewick Claims and the Department of Corrections. Sedgewick Claims is a private entity, not a "person" within the meaning of § 1983, and the Amended Complaint fails to state any claim for relief against Sedgewick Claims.

### G.     State Law Claims

Mr. Coronado also makes statements that he is proceeding on a "tort complaint" and that the actions of some of the Defendants did not meet "standards and practices." (Doc. 10 at 2.) To

the extent Mr. Coronado is attempting to allege state law claims for medical negligence, the Court declines to exercise supplemental jurisdiction over any state claims absent a viable federal claim for relief under § 1983. Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

The United States Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir. 2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. To the extent the Amended Complaint alleges any claims under New Mexico law, the Court declines to exercise supplemental jurisdiction over Mr. Coronado's remaining state-law claims. *Osborn*, 549 U.S. at 245.

### IV. The Court Will Grant Leave to Amend

Mr. Coronado's Amended Complaint fails to state a sufficient claim for relief under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court will grant Mr. Coronado an opportunity to

amend to remedy the defects in his pleading. *See Hall*, 935 F.2d at 1109. However, the Court cautions Mr. Coronado that any claim against an individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived him of a constitutional right. *See Robbins*, 519 F.3d at 1249–50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.

The Court will Order Mr. Coronado to amend the Amended Complaint to allege any claims he believes he may have against any individual defendant, consistent with the requirements of Rule 12(b) and this Memorandum Opinion and Order. Coronado must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

(1) the Amended Complaint filed by Mr. Coronado (Doc. 8) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted; and

(2) Mr. Coronado is granted leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE