IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT NEIL CORONADO,

      Plaintiff,

vs.                                    No. CV 18-00205 RB/CG

MRS. PERALTA, MEDICAL PROVIDER, NURSE;
MR. YOUNG, MEDICAL ADMINISTRATOR;
MR. JIM BREWSTER, COUNSEL FOR DEPARTMENT
OF CORRECTIONS;
MR. JERRY ROARK, DIRECTOR OF PRISONS;
SEDGEWICK CLAIMS, WORKERS COMPENSATION OF
CALIFORNIA,

      Defendants.

**FINAL MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Federal Rule of Civil Procedure 12(b)(6) on the Amended Complaint for Violation of Civil Rights filed by Plaintiff, Robert Neil Coronado. (Doc. 8.) The Court previously dismissed the federal claims in the Amended Complaint for failure to state a claim, declined to exercise supplemental jurisdiction over any state law claims, and granted Coronado leave to file an amended complaint. (Doc. 26.) Coronado has failed to file an amended complaint within the 30-day deadline set by the Court. The Court will now dismiss all federal claims in the Amended Complaint with prejudice and will enter final judgment.

Coronado commenced this proceeding by filing a Petition for Writ of Mandamus. (Doc. 1.) In his Petition, Coronado sought a writ from this Court mandating that the New Mexico Department of Corrections provide him shoulder replacement surgery. (Doc. 1.) He sought leave to amend his original filing. (Doc. 6.)The Court granted him leave to amend. He then filed a second Amended Complaint (Doc. 8), which the Court deemed to be the operative complaint in this case.

1

(Doc. 26 at 2.) *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1180–81 (10th Cir. 2015).

Coronado filed his Amended Complaint for Violation of Civil Rights on March 16, 2018. (Doc. 8.) The Amended Complaint named as Defendants Mrs. Peralta, Medical Provider Nurse; Mr. Young, Medical Administrator; Mr. Jim Brewster, Counsel for Department of Corrections; and Mr. Jerry Roark, Director of Prisons. (*See id.* at 1.) Coronado asserted jurisdiction under 42 U.S.C. § 1983. (*Id.* at 3.) In his prayer for relief, he asked for injunctive relief so that the surgery would not be delayed, that he not be transferred to segregation or another facility in retaliation for exercising his constitutional rights, for appointment of counsel, for an evidentiary hearing, and for nominal, compensatory, and punitive damages. (*Id.* at 7–8.)

The surgery was performed on April 6, 2018. (Doc. 10 at 1.) Coronado again sought leave to amend his claims, alleging that he had been advised that Workers Compensation of California would not approve services to rehabilitate the operative surgery. (*See id.*) He asked that the Court direct either the Department of Corrections or Workers Compensation of California to provide post-surgical care to restore the function in his right arm. (*Id.* at 2.) In subsequent filings, Coronado stated that Workers' Compensation of California are the agents responsible for his medical care, he referred to his claims as a "tort complaint" (Doc. 13), and he contended that the 2012-2018 delay by the Department of Corrections resulted in a poor outcome and he wanted to hold the Department of Corrections responsible for his damages. (Doc. 24.)

The Court dismissed the Amended Complaint on November 30, 2020. (Doc. 26.) The Court concluded that Coronado's Amended Complaint failed to state any federal claim for relief. To the extent the Amended Complaint could be construed to assert state law claims, the Court declined to exercise supplemental jurisdiction over those claims. (*Id.* at 1, 16–17.)

The Court dismissed the claims against Peralta on the grounds that the allegations of the Amended Complaint fail to establish a medical indifference claim against her. (Doc. 26 at 9–11 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Self v. Crum,* 439 F.3d 1227, 1230–31 (10th Cir. 2006)).) The allegations do not show that Peralta knew Coronado faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it or chose recklessly to disregard it. *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). Her alleged actions do not demonstrate that she was deliberately indifferent to the serious medical needs of Coronado. *Howard v. Waide*, 534 F.3d 1227, 1239–40 (10th Cir.2008). The Complaint does not state a factually plausible claim for § 1983 relief against Peralta. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court also dismissed the claims against Young. (Doc. 26 at 11.) The Complaint and Amended Complaint do not contain factual allegations as to what actions Young took or how he acted against the anticipated surgery and is insufficient to provide fair notice as to the basis of the claim against him. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249–50 (10th Cir. 2008). Further, even if Coronado had provided specific allegations against Young, the facts do not show how any act or omission by Young resulted in a violation of Plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint and Amended Complaint fail to state a § 1983 claim against Young. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

The Court similarly dismissed the claims against Brewster. The Court concluded that any claims against Brewster in his official capacity were claims against the State, and there is no remedy against the State under § 1983. *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011). To the extent Coronado sues Brewster in his individual capacity,

the Amended Complaint also fails to state any § 1983 claim against him because it does not contain any factual allegations as to any acts or omissions by Brewster, nor does the Complaint state how any conduct by Brewster, individually, resulted in a violation of Coronado's constitutional rights. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Additionally, the Court determined that any official capacity claims against Roark are claims against the State and cannot be maintained under § 1983. (Doc. 26 at 12 (citing *See Will*, 491 U.S. at 67, 71).) Further, to the extent Coronado sues him in his individual capacity, the Complaint does not state a claim for individual § 1983 liability. (Doc. 26 at 12–13.) Coronado's generalized allegation that Roark knew of his need for surgery in 2016 does not specify individualized conduct by Roark nor does it identify how any conduct by Roark resulted in a violation of Coronado's constitutional right. *See Iqbal*, 556 U.S. at 676. Nor do his allegations show that Roark actually knew Coronado faced a substantial risk of harm and culpably disregarded that risk. *Hunt*, 199 F.3d at 1224.

Although not named as a Defendant, Coronado repeatedly makes allegations against the Department of Corrections and seeks relief against it. (*See, e.g.*, Doc. 24.) The Court also dismissed any claims against the Department because the claims against it are claims against the State of New Mexico. (Doc. 26 at 13 (citing *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016); *Will*, 491 U.S. at 67, 71; *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011)).) Last, the Court determined that it lacked subject matter jurisdiction over Sedgewick Claims or any California worker's compensation insurer. *See, e.g.*, *Southerland v. Granite State Ins. Co.*, 12 F. App'x 712, 716 (10th Cir. 2001). Nor does a private insurer like Sedgewick Claims act under color of law for purposes of § 1983. (Doc. 26 at 13–15 (citing *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir.

1995)).) The Complaint and Amended Complaint fail to state a § 1983 claim against any Defendant. (Doc. 26 at 9–15.)

Coronado also made statements that he is proceeding on a "tort complaint" and that the actions of some of the Defendants did not meet "standards and practices." (Doc. 10 at 2.) To the extent Coronado is attempting to allege state law claims for medical negligence, the Court declined to exercise supplemental jurisdiction over any state claims absent a viable federal claim for relief under § 1983. (Doc. 26 at 15–16 (citing *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, (2006)).)

The Court granted Coronado 30 days to file an amended complaint to remedy the defects in his pleading. (Doc. 26 at 16–17.) Coronado has not filed an amended complaint and has not communicated with the Court. Therefore, the Court will dismiss all federal claims in this case with prejudice and will dismiss any state law claims without prejudice to a state court proceeding by Coronado. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10. (10th Cir. 1991); *Osborn*, 549 U.S. at 245.

**IT IS ORDERED** that all federal claims in the Amended Complaint filed by Plaintiff Robert Neil Coronado (Doc. 8) are **DISMISSED** with prejudice for failure to state a claim on which relief can be granted and any state law claims are dismissed without prejudice to re-filing those claims in state court.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE